UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUZ CHAVEZ, JOEL CHAVEZ, DARLENE CHAVEZ, and ALLEN CHAVEZ, | § § § | |
| Appellants and Cross-Appellees, | § § | 1:20-CV-180-RP |
| v. | § § | |
| KANSAS CITY SOUTHERN RAILWAY and RON SATIJA, | § § § § | |
| Appellees and Cross-Appellants. | § | |

## ORDER

Before the Court is Appellee Kansas City Southern Railway's ("KCSR") Objections and Motion to Strike Appellants' Late-Filed Designation of Record and Statement of Issues on Appeal ("Motion to Strike" or "Motion"), (Dkt. 13), Appellants Luz Chavez, Joel Chavez, Darlene Chavez, and Allen Chavez's (the "Chavez Family") response, (Dkt. 16), and KCSR's reply, (Dkt. 17). Having considered the parties' briefing, the record in this appeal, and the relevant law, this Court will grant KCSR's Motion to Strike.

## I. BACKGROUND

The underlying case stems from a lawsuit filed by Luz Chavez and her family against KCSR and train engineer Jose Juarez[1] ("Juarez") for "the death of the head of the family and her eldest son in a horrific crash at a rail grade crossing" in Aguilares, Texas in 2007. (Appellants Br., Dkt. 25, at 11). That case was tried to a jury in 2009. (*Id.*). After a defense verdict, the state court trial judge ordered a new trial. (Mot., Dkt. 13, at 1). Attorneys who had represented the Chavez Family at trial negotiated a settlement with KCSR and Juarez that is the subject of several disputes. (*See* Appellants Br., Dkt. 25, at 12–23).

---

[1] Juarez is not a party to this appeal. (*See* List of Parties to Appeal, Dkt. 1-3).

1

According to KCSR, the Chavez Family did not honor the settlement agreement, and KCSR and Juarez in turn sued the Chavez Family for breach of contract. (Mot., Dkt. 13, at 1). The state court severed the breach of contract claims from the wrongful death claims. (*Id.*). The Chavez Family, which were the defendants in the breach of contract case, filed a third-party petition against one of the law firms that had represented them in the wrongful death case. (*Id.*). That law firm had previously filed a Chapter 7 Petition in Bankruptcy. (*Id.*). The bankruptcy estate of the firm, acting through trustee Ron Satija ("Trustee"), removed the case to Bankruptcy Court for the Western District of Texas. (*Id.* at 1–2).

The Western District of Texas Bankruptcy Court tried the case and, according to KCSR, the Bankruptcy Court "declined to enforce the settlement agreement because the [law] firm had breached fiduciary duties owed to the Chavez family. For the same reason, [the bankruptcy court] determined that the firm (and therefore the bankruptcy estate) had forfeited any claim for attorney's fees related to the wrongful death suit. Finally, [the bankruptcy court] determined that the bankruptcy estate holds a lien against the Chavez family's claims against KCSR in the amount of 50% of the expenses incurred by [the firm] in prosecuting the wrongful death suit." (*Id.* at 2). The Chavez Family filed its Notice of Appeal, and the appeal was opened in this Court on February 18, 2020. (Notice, Dkt. 1). The Trustee filed a cross appeal. (Notice of Cross Appeal, Dkt. 3).

The instant motion involves two filings by the Chavez Family: (1) Appellants' Supplemental Designations of Record on Appeal ("First Supplement"), (Dkt. 10), and (2) Appellants' Second Amended Supplemental Complete List of Issues ("Second Supplement"), (Dkt. 11). In its Motion to Strike, KCSR argues that the Chavez Family's First Supplement, filed in this Court on April 3, 2020, adds three new issues to be resolved on appeal "all of which concern whether [the bankruptcy court] should have assessed sanctions against KCSR for pursuing groundless claims" and adds nine documents to be included in the record on appeal. (Mot., Dkt. 13, at 3). KCSR, however, does not

2

move to strike the Chavez Family's Second Supplement, filed in this Court on April 6, 2020. (*Id.* at 5).

Before filing the Motion to Strike in this Court, KCSR filed a motion to strike in the bankruptcy court. (Bankr. Order, Dkt. 13-1). Like here, KCSR sought to have the First Supplement stricken. (*Id.* at 1–2). The bankruptcy court found that the First Supplement did not appear to be timely filed. (*Id.* at 3). The bankruptcy court also determined that Federal Rule of Bankruptcy Procedure 8009(e), which contains three provisions regarding correcting or modifying the record on appeal, governed. Of Rule 8009(e)'s three provisions, the bankruptcy court concluded that the first two provisions did not apply. The third provision, "a catch-all provision," states that "[a]ll other questions as to the form and content of the record must be presented to the court where the appeal is pending." (*Id.* at 4); Fed. R. Bankr. P. 8009(e)(3). Finding that it did apply, the bankruptcy court ruled that this Court is the proper tribunal for KCSR's motion to strike and dismissed KCSR's motion to strike without prejudice to KCSR seeking relief from this Court. (Bankr. Order, Dkt. 13-1, at 4–5).

## II. DISCUSSION

The record on appeal is governed by Federal Rule of Bankruptcy Procedure 8009. Rule 8009(a) specifies that the appellant must file and serve its designation of the record and statement of issues to be presented within 14 days after filing the notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). In this case, the Chavez Family filed their notice of appeal on February 14, 2020. (Not. Bankr., Dkt. 1, at 2–4). The Chavez Family filed their First Supplement on April 3, 2020, (Dkt. 10), well over 14 days from their notice of appeal. The Second Supplement was filed on April 6, 2020. (Dkt. 11).

In the First Supplement, the Chavez Family designated nine additional documents and added three issues on appeal. (First Suppl., Dkt. 10, at 4–6). The three added issues on appeal were: (1)

3

whether the bankruptcy court erred by not finding that KCSR's suit for specific performance of a breach of contract claim was groundless in that there was no basis in fact or in law to support the claims and in not finding that KCSR's suit was brought for the purposes of harassment; (2) whether the bankruptcy court erred by not finding that the Chavez Family suffered damages as a result of KCSR's groundless suit and by not finding that the Chavez Family incurred attorney's fees and costs in defending the suit; and (3) whether the bankruptcy court erred by not awarding as sanctions the Chavez Family attorney's fees and costs in defense of three groundless pleadings filed by KCSR, as allowed by state and federal statutory authority and the court's inherent legal authority. (*Id.* at 6).

A few days later, on April 6, 2020, the Chavez Family filed its Second Supplement in this Court. In it, they repeat the issues on appeal that were listed in their original Statement of Issues and their First Supplement. The Chavez Family then adds an additional issue on appeal: whether the bankruptcy court erred in granting KCSR's motion for sanctions against the Chavez Family and their counsel due to the Chavez Family's failure to attend mediation. (Second Suppl., Dkt. 11, at 5).

KCSR moves to strike the First Supplement as untimely but does not move to strike the Second Supplement. KCSR explains that it "determined that a challenge to the consideration of the sanctions order entered against Appellants' counsel would not be well-grounded. Accordingly, [KCSR moves] to strike from the appeal the issue of whether [the bankruptcy court] erred in not sanctioning KCSR and Juarez, but not the issue of whether [the bankruptcy court] erred in sanctioning Appellants' counsel." (Reply, Dkt. 17, at 2). In their response, the Chavez Family takes the opportunity to claim that KCSR has waived the right to object to the First Supplement since they do not object to the Second Supplement as untimely. (Resp., Dkt. 16, at 8). KCSR responds that the Chavez Family asserts a "gothca" argument and calls it a "sleight of hand." (Reply, Dkt. 17, at 2). Without agreeing to KCSR's characterizations of the Chavez Family's arguments, the Court understands that KCSR seeks to strike from the appeal "the new issue raised by [the Chavez Family]

4

in their [First Supplement]—whether [the bankruptcy court] erred in failing to sanction KCSR and Juarez." (*Id.*). KCSR clarifies that it makes that challenge "regardless of how many times [the Chavez Family] attempt[s] to insert the issue into the appeal." (*Id.*). If the Court decides to strike the issues on appeal added to the First Supplement, the Court necessarily strikes them from the Second Supplement where they are merely re-listed for completeness.

Moving to the substance of KCSR's argument, KCSR argues that the Chavez Family's First Supplement was untimely. KCSR seems to suggest the Chavez Family's First Supplement should be stricken because "[a]n issue that is not designated in the statement of issues in the district court is waived on appeal." (Mot. Strike, Dkt. 13, at 4) (quoting *In re McClendon*, 765 F.3d 501, 506 (5th Cir. 2014)). The Chavez Family admits that the First Supplement was late filed but counters that it was allowed by Federal Rule of Bankruptcy Procedure 8009. Relying on language from a Ninth Circuit case, the Chavez Family argues that they should not be precluded from urging contentions not included in their statement of issues if KCSR suffers no prejudice because Rule 8009 "does not limit a party's ability to appeal from a bankruptcy court's judgment" and the statement of issues "'does not impact upon issue statements required by the court of appeals.'" (Resp., Dkt. 16, at 5–6) (quoting *In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.*, 104 F.3d 1147, 1148 (9th Cir. 1997)). The Chavez Family also relies on a Fifth Circuit case in which the Court of Appeals reversed a district court that had dismissed a bankruptcy appeal because the appellant failed to file a statement of issues. (Resp., Dkt. 16, at 6) (citing *In re CPDC Inc.*, 221 F.3d 693, 701 (5th Cir. 2000)). Largely, the Chavez Family contends that their First Supplement should be accepted as untimely because it helps "provide the reviewing court an adequate basis for evaluation of Appellants claim." (*Id.* at 7). The parties' reliance on Fifth Circuit decisions about the failure to file a statement of issues and out-of-circuit decisions are not instructive to this Court.

Instead, this Court will rely on the Federal Rules of Bankruptcy Procedure to make its determination. It is clear from the language of Rule 8009 that the Chavez Family did not timely file its First Supplement. Fed. R. Bankr. P. 8009(a)(1)(B). Looking to the other provisions of Rule 8009, Rule 8009(e)(1) provides:

> (1) Submitting to the Bankruptcy Court
>
> If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

Fed. R. Bankr. P. 8009(e)(1). The Court agrees with the bankruptcy court's conclusion that this provision does not apply here because "there is no dispute between [KCSR and the Chavez Family] about whether the record accurately discloses what occurred at trial in [the bankruptcy court]." (Bankr. Order, Dkt. 13-1, at 3).

Having found that the first provision does not apply, the Court evaluates whether the second provision applies. The second provision provides:

> (2) Correcting in other ways
>
> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted:
> (A) on stipulation of the parties;
> (B) by the bankruptcy court before or after the record has been forwarded; or
> (C) by the court where the appeal is pending.

Fed. R. Bankr. P. 8009(e)(2). Again, like the bankruptcy court, this Court finds that the second provision does not apply here. The Chavez Family does not claim to be correcting the record because material was omitted or misstated in the record by error or accident. (*See id.*).

The Court's inquiry does not stop there. Federal Rule of Bankruptcy Procedure 1001 provides that "[t]hese rules should be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. "'In the interest of expediting

6

decision or for other cause in a particular case, the district court . . . may suspend the requirements or provisions of the rules in Part VIII,' including Rule 8009." *Lynn v. Pry*, No. 4:15-CV-00029-TWP, 2015 WL 7096637, at *6 (S.D. Ind. Nov. 13, 2015) (quoting Fed. R. Bankr. P. 8028). In this appeal, the Chavez Family does not explain why suspending Rule 8009 will expedite a decision in this case. The Chavez Family also does not show other cause, like why they failed to timely file a complete designation of record or statement of issues or how their untimely submission would not cause KCSR undue prejudice. While the Court can envision a set of circumstances in which the Court would allow an untimely designation of record or statement of issues—or, as in this case, an amended or supplemented designation of record or statement of issues—the Court does not find that suspending the requirements of Rule 8009 is warranted in this appeal. The Court will strike the Chavez Family's First Supplement. For clarity's sake, to the extent the Chavez Family repeated the designation of record or statement of issues from their First Supplement in their Second Supplement, the designation of record and statement of issues raised in the First Supplement will not be a part of this appeal.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that KCSR's Objections and Motion to Strike Appellants' Late-Filed Designation of Record and Statement of Issues on Appeal, (Dkt. 13), is **GRANTED**.

**SIGNED** on March 31, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE