UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LUZ CHAVEZ, JOEL CHAVEZ, DARLENE CHAVEZ, and ALLEN CHAVEZ, <br><br>Appellants, <br><br>v. <br><br>KANSAS CITY SOUTHERN RAILWAY, <br><br>Appellee. | 1:20-CV-180-RP |

## ORDER

Before the Court is Appellants Luz Chavez, Joel Chavez, Darlene Chavez, and Allen Chavez's (the "Chavez Family" or "Appellants") Appellant's Brief, (Dkt. 25), Appellee Kansas City Southern Railway's ("KCSR" or "Appellee") Appellee's Brief, (Dkt. 34), and the Appellants' reply, (Dkt. 36). Trustee Ron Satija ("Trustee"), who is trustee for the bankruptcy estate of Rosenthal & Watson, P.C., filed a cross-appeal but then withdrew it. (Notice of Withdrawal, Dkt. 35). Having considered the parties' briefing, the record in this appeal, and the relevant law, this Court will affirm in part and reverse in part.

## I. BACKGROUND

The underlying case stems from a lawsuit filed by Luz Chavez and her family against KCSR and train engineer Jose Juarez[1] ("Juarez") for "the death of the head of the family and her eldest son in a horrific crash at a rail grade crossing" in Aguilares, Texas in 2007. (Appellants Br., Dkt. 25, at 11). Both Rudolph Chavez, Sr. and Rudolph Chavez, Jr., who was on his second day at the job, were killed. (*Id.* at 11–12). That case was tried to a jury in 2009. (*Id.* at 11). Rosenthal & Watson, P.C. represented the Chavez Family as did Christopher Dean, with the Christopher Dean Law Firm, who

---

[1] Juarez is not a party to this appeal. (*See* List of Parties to Appeal, Dkt. 1-3).

filed his notice of appearance a few days before trial. After a defense verdict, the state court trial judge ordered a new trial and a new trial date was set. (*Id.* at 11–12). Attorneys who had represented the Chavez Family at trial began to negotiate a settlement with KCSR and Juarez that is the subject of several disputes, (*see id.* at 12–23), with the Chavez Family arguing that Rosenthal & Watson did not get their written consent to hire additional counsel, i.e., Christopher Dean, and that Rosenthal & Watson "engaged in an effort to coerce Luz Chavez into settling the family's claims." (*Id.* at 12). According to Appellants, Rosenthal & Watson said they would not try the case again and yelled at Luz Chavez. (*Id.* at 12–13). Luz Chavez stopped communicating with the firm all the while Christopher Dean negotiated a settlement. (*Id.* at 13). The parties dispute whether a settlement was entered into and the circumstances surrounding the settlement.

According to KCSR, the Chavez Family did not honor the settlement agreement, and KCSR and Juarez in turn sued the Chavez Family for breach of contract. (Appellee Br., Dkt. 34, at 10). The state court severed the breach of contract claims from the wrongful death claims. (*Id.*). The Chavez Family, which were the defendants in the breach of contract case, filed a third-party petition against Rosenthal & Watson. (*Id.*). That law firm had previously filed a Chapter 7 Petition in Bankruptcy. (*Id.*). The bankruptcy estate of the firm, acting through the Trustee, removed the case to Bankruptcy Court for the Western District of Texas. (*Id.*).

Before trying the case, the bankruptcy court ordered the parties to complete an *in-person* mediation in the court's scheduling order. (*Id.*). In addition, the mediator required the parties to sign an Agreement to Mediate that stated that the parties, or a company representative, would attend the mediation. (Agreement, Dkt. 8-4, at 92). Despite the court's order, the Chavez Family did not attend the mediation, which was "predictably brief and unsuccessful." (Appellee Br., Dkt. 34, at 11–12). Appellee filed a motion for sanctions against the Chavez Family's attorney, which the bankruptcy

court granted. (*Id.* at 12). The attorney was ordered to pay $8,183 to Appellee. (Order, Dkt. 8-4, 154–55).

One other pretrial motion figures into this appeal. Appellee filed a motion to dismiss pursuant to Rule 12(b)(6), which sought to dismiss Appellants' claim that Appellee and Rosenthal & Watson had engaged in a conspiracy to deprive Appellants of due process and due course of law. (Appellee Br., Dkt. 34, at 13; Dkt. 10-2, at 30). The bankruptcy court granted Appellee's motion to dismiss. (Order, Dkt. 10-2, at 66). Before the trial, the parties submitted factual stipulations including that Rosenthal & Watson incurred $419,916.32 in expenses representing the Chavez Family.

In December 2019, the bankruptcy court tried the case and issued a 106-page opinion, including findings of fact and conclusions of law, and final judgment in January 2020. (Dkt. 8-3, at 470, 576). The bankruptcy court declined to enforce the settlement agreement because Rosenthal & Watson had breached fiduciary duties owed to the Chavez Family by agreeing to the settlement without first obtaining approval from each of the Appellants. (*See id.* at 470). For the same reason, the bankruptcy court determined that the firm (and therefore the bankruptcy estate) had forfeited any claim for attorney's fees related to the wrongful death suit. (*Id.*). Finally, the bankruptcy court determined that the Trustee of the bankruptcy estate holds a lien against the Chavez Family's claims against KCSR and Juarez limited to 50% of the expenses incurred by Rosenthal & Watson in prosecuting the wrongful death suit. (*Id.* at 574–75). The Chavez Family filed its Notice of Appeal, and the appeal was opened in this Court on February 18, 2020. (Notice, Dkt. 1).

## II. STANDARD OF REVIEW

On appeal, "[a] bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed de novo." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009). "Under a clear error standard, this court will reverse only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted).

### III. DISCUSSION

Appellants raise three issues on appeal: (1) the bankruptcy court abused its discretion by finding that Appellants' counsel violated a court order and imposing sanctions against Appellants' counsel, (2) the bankruptcy court erred by not ordering sanctions against Appellee, and (3) the bankruptcy court erred by granting an attorney's lien in favor of the Trustee.

#### A. No Error Imposing Sanctions for a Violation of the Court's Order

On appeal, Appellants argue that the bankruptcy court abused its discretion in entering a sanctions order against counsel for Appellants. The bankruptcy court did not err. The court entered a scheduling order in January 2019 that stated: "On or before June 7, 2019, authorized representatives of each of the parties and their respective counsel, shall conduct and have completed an in-person mediation before a third party mediator." (Order, Dkt. 25, at 1). Appellants contend the scheduling order "does not require that 'the Parties' attend a mediation; rather, it specifies that an [sic] 'authorized representatives of each of the parties' and their respective counsel' shall attend the mediation." (Appellants Br., Dkt. 25, at 32). According to Appellants, "[b]ecause the Order did not require 'the parties' to attend the mediation, Appellants' counsel attended as the Chavez [Family's] 'authorized representative' with his clients communicating by cellular phone." (*Id.*). This argument is unreasonable and seemingly disingenuous, and Appellants have wholly failed to demonstrate that the bankruptcy court erred in finding that Appellants' counsel violated a court order.

#### B. Court Did Not Err by Failing to Sua Sponte Impose Sanctions Against Appellee

In their second issue, Appellants argue that the bankruptcy court erred by failing to sua sponte enter an order directing that Appellee pay Appellants 100% of Appellants' attorney's fees. While it is challenging to follow Appellants' arguments, the Court understands their argument to be that the bankruptcy court erred by ignoring substantial evidence that Appellee's claims against the

4

Chavez Family were groundless. Appellants also ask this Court to order Appellee to pay Appellants' attorney's fees and costs from the date of the first pleading.

Appellee responds with a procedural argument that because Appellants "never asked the court below [to] assess the substantial sanctions they now as of this court[,]" they cannot now raise the issue for the first time on appeal. (Appellee Br., Dkt. 34, at 19) (citing *Frye v. Anadarko Pet. Corp.*, 953 F.3d 285, 291 (5th Cir. 2019)). Appellants seem to counter that the issue of groundless pleadings was considered by the bankruptcy court when the court ruled on Appellee's motion to dismiss since Appellants' conspiracy claim—which was the subject of the motion to dismiss—included references to Texas Civil Practice and Remedies Code § 9.001 and Texas Rule of Civil Procedure 91a. Section 9.001 authorizes sanctions against parties who file frivolous pleadings. Tex. Civ. Prac. & Rem. Code § 9.001. Appellee points out that the references were part of Appellants' conspiracy claim and not a request for attorney's fees. The Court agrees that the reference is insufficient, especially in light of the fact that (1) Appellants also did not argue in their proposed findings of fact and conclusions of law that Appellee was pursuing groundless claims warranting attorney's fees and (2) Appellants failed to put evidence in the record to support such a claim for sanctions.

Even if Appellants raised the issue below, Appellants have not succeeded in showing that the bankruptcy court erred by not entering an award of attorney's fees as a sanction against Appellee for filing groundless claims against Appellants. The bankruptcy court's findings of fact and conclusions of law is detailed and lengthy. In it, the bankruptcy court faulted Rosenthal & Watson, finding the firm had breached its fiduciary duty to the Chavez Family, which meant that Appellee did not prevail on its breach of contract claim against the Chavez Family. Nowhere in the order did the bankruptcy court indicate though that Appellee's claim was groundless. Lacking that finding, even if the issue was somehow before the bankruptcy court, the bankruptcy court did not err by not sua sponte imposing sanctions against Appellee.

5

### C. Court Erred in Deciding Trustee Should Forfeit Only Half of the Expenses

In their final issue, Appellants argue that granting an attorney's lien in favor of the Trustee is an abuse of discretion because Rosenthal & Watson's breach of their fiduciary duties to Appellants renders the engagement agreement between Rosenthal & Watson and Appellants unenforceable. In other words, the Chavez Family "owes nothing to the creditors of Rosenthal & Watson." (Appellants Br., Dkt. 25, at 59). Appellee takes no position on the matter, and Trustee withdrew his cross-appeal. The Court finds that the bankruptcy court erred in ruling that the Trustee, on behalf of the Rosenthal & Watson estate, had a valid attorney's lien for half of Rosenthal & Watson's expenses. (Findings of Fact, Dkt. 8-3, at 574). Rosenthal & Watson incurred $417,622 in expenses, mostly deposition costs and expert fees, (*id.* at 572), and, per the Court's order, the Trustee has a 50% lien in the amount of $208,811. The lien is against "all causes of action and claims of the Chavez Family against KCSR in the wrongful death suit (cause no. 2007-CVE-00347-D4), and any amounts that may be recovered or collected by the Chavez Family based on such causes of actions and claims against KCSR." (*Id.* at 574). This Court finds the equitable remedy of forfeiture must fit the circumstances presented, *Burrow v. Arce*, 997 S.W.2d 229, 241 (Tex. 1999), and the record here does not support a lien in favor of the Trustee.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the bankruptcy court's Findings of Fact and Conclusions of Law, (Dkt. 8-3), is **REVERSED IN PART** and **AFFIRMED IN PART**. The bankruptcy court erred in granting the Trustee an attorney's lien in the amount of $208,811 for Rosenthal & Watson's expenses. The bankruptcy court's order is otherwise affirmed.

**SIGNED** on September 30, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE